**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

MC3 INVESTMENTS LLC
d/b/a THE LOCAL CAFÉ,

       Plaintiff,

  v.

THE LOCAL BRAND, INC.,

       Defendant.

Case No.: 5:22-cv-00260

THE LOCAL BRAND, INC.,

       Counter-Plaintiff,

  v.

MC3 INVESTMENTS LLC
d/b/a THE LOCAL CAFÉ,

       Counter-Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**<u>MOTION TO COMPEL</u>**

Pursuant to the Court's Order (ECF No. 44), Plaintiff MC3 INVESTMENTS

LLC d/b/a THE LOCAL CAFÉ ("Plaintiff" or "Counter-Defendant"), through

undersigned counsel, hereby responds to Defendant/Counter-Plaintiff's Motion to

Compel Production of Documents (ECF No. 43, the "Motion") filed by Defendant

THE LOCAL BRAND, INC. ("Defendant" or "Counter-Plaintiff").

## **RELEVANT FACTS**

1.    Discovery opened on December 20, 2022. *See* ECF No. 9 at ¶ 1(a).

2.    On January 10, 2023, the Parties held a conference under Fed. R. Civ.

P. 26(f). *See* ECF No. 14 at ¶ 1.

3.    The Court's recommended deadline for serving final discovery requests

was February 3, 2023. *See* ECF No. 9 at ¶ 1(c).

4.    Defendant did not serve any discovery requests until February 22, 2023,

which was halfway through the discovery period and almost three weeks after the

recommended deadline for serving discovery requests. *See* ECF No. 40 (Third Joint

Status Report); *see also* ECF No. 43-1.

5.    On March 31, 2023, Plaintiff served written responses and document

production in response to all of Defendant's Requests for Production ("RFPs"). *See*

Exhibit 1.

6.    None of Plaintiff's responses state that Plaintiff is withholding

documents under Fed. R. Civ. P. 34(b)(2)(C).

7.    Plaintiff reviewed its business files and produced all documents that it

believes are responsive to Defendant's RFPs. Among Plaintiff's produced

documents was a text message where, in November 2022, Plaintiff put Defendant on notice of the newly designed logo. *See* Exhibit 2.

8.    Defendant never raised any discovery disputes in any joint status report in this proceeding (*see* ECF Nos. 16, 29, and 40).

9.    On April 10, Defendant deposed Plaintiff's corporate representative.

***Communication between Counsel***

10.    On April 14, Defendant's counsel emailed a discovery complaint that made no reference to any specific RFP. *See* Exhibit 3 at 2. On April 17, at undersigned counsels' request, Defendant revised its discovery complaint to refer to specific RFPs. *See* Exhibit 3 at 1.

11.    On April 18, counsel for the parties conferred.

12.    During the conference, undersigned counsel informed Defendant's counsel that (1) Plaintiff had already reviewed its files for documents responsive to Defendant's RFPs served on February 22, and (2) all documents that undersigned counsel received from Plaintiff had been produced.

13.    After hearing the above, Defendant's counsel, to the best of undersigned counsel's understanding and recollection, requested that Plaintiff draft and serve amended responses to Defendant's RFPs stating that Plaintiff had produced all responsive documents in its possession. Defendant's counsel did not cite any authority stating that discovery responses must be amended to confirm the

completion of production, nor is undersigned counsel aware of any such authority. Consequently, undersigned counsel declined to amended Plaintiff's written responses.

14.    To the best of undersigned counsel's understanding, Defendant's justification for the Motion is that undersigned counsel refused to amend Plaintiff's written responses. *See* ECF No. 43 at ¶ 5 ("Plaintiff's counsel refused to put in writing whether any of the documents exist and whether they were being withheld. Thus, this Motion is opposed.")

15.    To the best of undersigned counsel's recollection, at no point during the conference did Defendant's counsel ask if Plaintiff would oppose a motion to compel, and Defendant's statement above (*see* ECF No. 43 at ¶ 5) indicates that Defendant did not ask this question. In fairness, undersigned counsel would have stated that Plaintiff opposes such a motion.

*[remainder of page left blank intentionally]*

<u>**MEMORANDUM IN OPPOSITION**</u>

## I.   STATEMENT OF LAW

### a.   In this Judicial District, all motions must provide a supporting memorandum.

"A party who files a written motion must file a supporting memorandum in the same document with . . . the motion." N.D. Fla. Loc. R. 7.1(E). "The Court may deny a moving party's motion if the party does not file a memorandum as required by this rule." N.D. Fla. Loc. R. 7.1(H). The failure to adhere to either of these local rules "justifies denial of the motion." *See Montoya v. Morgan*, 2017 WL 10635664 at *2 (N.D. Fla. Dec 6, 2017).

### b.   To succeed on a motion to compel, the motion must satisfy specific legal requirements.

"[A] party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). In this Judicial District, a motion for such an order "must, for each discovery request at issue: (1) quote the discovery request verbatim; (2) quote each objection specifically directed to the discovery request; and (3) set out the reasons why the discovery should be compelled." N.D. Fla. Loc. R. 26.1(D). The failure to adhere to this local rule "alone justifies denial of the motion." *Montoya v. Morgan*, 2017 WL 10635664 at *2 (N.D. Fla. Dec 6, 2017).

Regarding the first requirement, it is not sufficient for movant simply to attach as an exhibit the entire set of Requests for Production ("RFPs") that contain some of

5

the RFPs at issue. *See id.* at *1-2 ("[I]n order for this court to discover the actual RFPs in dispute, the responses thereto (if any), and/or discern the arguments in support of the RFPs or objections thereto, the court must cross-reference the . . . exhibits attached to [movant's] motion."). Instead, movant must "quote the discovery request verbatim." N.D. Fla. Loc. R. 26.1(D).

Regarding the second requirement, movant must "quote each objection specifically directed to the discovery request." N.D. Fla. Loc. R. 26.1(D). However, if non-movant's discovery response does not assert an objection, then this indicates that non-movant is not withholding any responsive documents. *See Caravels LLC v. City of Gainesville, Florida*, 2020 WL 107317713 at *6 (N.D. Fla. Jul 9, 2020) ("Because [nonmovant] did not object to the request, the only inference is that, as far as [nonmovant] knows, all responsive documents have now been produced.") Additionally, non-movant's response "must state whether any responsive materials are being withheld . . . ." Fed. R. Civ. P. 34(b)(2)(C). Thus, if non-movant's response does not affirmatively state that the party is withholding responsive documents under Fed. R. Civ. P. 34(b)(2)(C), then this indicates that non-movant is not withholding any responsive documents. *See Caravels LLC*, 2020 WL 10731713 at *6.

Regarding the third requirement, movant has the burden of showing that the requested documents are relevant. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ.

P. 26(b)(1). However, "[i]f the requested discovery's relevance is not apparent, however, the party seeking the production must demonstrate relevancy." *In re: 3M Combat Arms Earplug Products Liability Litigation*, 2020 WL 4043311 at *2 (N.D. Fla. Jul 17, 2020).

## II. THE COURT SHOULD DENY THE MOTION

### a. The Court should deny the Motion because it fails to provide a memorandum of law.

Although paragraphs 7 and 8 of the Motion refer to a local rule and two federal rules of civil procedure (*see* ECF No. 43), there is no legal analysis of how Defendant's request is supported by these rules or other associated caselaw. This, alone, is sufficient grounds to deny both motions. *See Montoya*, 2017 WL 10635664 at *2.

### b. The Court should deny the Motion because it does not address Defendant's RFPs or Plaintiff's responses.

Defendant's Motion raises issues with Plaintiff's production related Defendant's RFP Nos. 3, 5, 7, 8, 18, and 23. *See* ECF No. 43 at ¶ 4. Yet, nowhere does Defendant's Motion recite verbatim any of the RFPs at issue or recite Plaintiff's responses to these RFPs. *See* N.D. Fla. Loc. R. 26.1(D). Instead, Defendant simply attaches as an exhibit the entire set of its RFPs, including those not at issue (*see* ECF No. 43-1), which does not satisfy the requirements of the local rules. *See Montoya*, 2017 WL 10635664 at *1-2.

For convenience, Plaintiff below reproduces the RFPs and responses at issue:

3.   All documents which evidence, refer, or relate to the creation, selection, design, adoption, or proposed use of, and the decision to use and/or attempt to register Plaintiff's MC3 Logos.

**RESPONSE: Plaintiff will produce copies of all responsive documents in its possession, custody, or control.**

5.   All documents and things concerning the conception, design, and development of signage for services offered under the MC3 Logos, including any subsequent changes to such signage.

**RESPONSE: Plaintiff will produce copies of all responsive documents in its possession, custody, or control.**

7.   All documents relating or referring to communications with third parties regarding Defendant's **LOCAL** Marks.

**RESPONSE: Plaintiff objects to the extent that this request calls for the production of privileged communications with Plaintiff's attorney. Plaintiff will produce copies of all non-privileged responsive documents in its possession, custody, or control.**

8.   All documents relating or referring to any internet searches undertaken by or on behalf of Plaintiff which relate or refer to Defendant's **LOCAL** Marks, or the **LOCAL** portion.

**RESPONSE: Plaintiff objects to the extent that this request calls for the production of privileged communications with Plaintiff's attorney. Plaintiff will produce copies of all non-privileged responsive documents in its possession, custody, or control.**

18.   All documents concerning Plaintiff's plans to expand the market of goods or services intended to be offered under the MC3 Logos, including but not limited to the addition of new product lines and services, as well as the expansion of new restaurants, cafés, bars and stores into new geographic areas.

**RESPONSE: None.**

> 23.    All documents and things relating or referring to any action taken by Plaintiff in response to the awareness of Defendant's **LOCAL** Marks.
>
> **RESPONSE: None.**

*See* Exhibit 1.

As can be seen above, nowhere did Plaintiff assert that it is withholding documents under Fed. R. Civ. P. 34(b)(2)(C), nor did Plaintiff assert any significant objections, both of which should lead to an inference that Plaintiff is not withholding any documents that it believes are responsive to the above RFPs at issue. *See Caravels*, 2020 WL 107317713 at *6.

### c.  The Court should deny the Motion because Defendant does not provide factual support for why discovery should be compelled.

Defendant must set out the reasons why the discovery should be compelled. *See* N.D. Fla. Loc. R. 26.1(D). Defendant has failed to do this.

First, Defendant has already stated, in writing, that it has no documents in its possession responsive to RFPs 18 or 23 (*see* Exhibit 1 at 5-6) and nowhere did Plaintiff assert that it was withholding documents under Fed. R. Civ. P. 34 for any of Defendant's RFPs, including those not at issue.

Second, nowhere does Defendant explain how the production it has already received is insufficient. *See* Fed. R. Civ. P. 37(a)(1) ("a party may move for an order compelling disclosure or discovery"). In fact, Defendant does not even acknowledge

9

that it has received any production that is responsive to its demands. For example,
Defendant demands the following:

> • Plaintiff failed to produce any documents that show it requested Local
>   Brand's approval in relation to the second logo as required by § 23 of
>   *Defendant's First Set of Requests for Production.*

Yet, Plaintiff already produced the below text message from Plaintiff's owner to
Defendant's owner requesting that they meet to discuss the second logo.



Exhibit 2. Also, Defendant had the opportunity to depose Plaintiff's corporate
representative on this document and other production. Nowhere does Defendant
explain why this production, or Defendant's opportunity to explore it, was

insufficient. Regarding the remaining RFPs at issue, Defendant's Motion does not explain the production it has received or how it is insufficient.

Third, even if Plaintiff were withholding documents, and even if Plaintiff's production were insufficient, Defendant does not explain how the demanded documents fall within the scope of the RFPs at issue. *See* Fed. R. Civ. P. 26(b)(1). For example, Defendant demands the following:

> • Plaintiff failed to produce any documents that show it requested Local Brand's approval in relation to the second logo as required by § 23 of *Defendant's First Set of Requests for Production.*

ECF No. 43 at ¶ 4. The issue is that RFP 23 does not refer to Plaintiff's "second logo" (LOCAL)[1] but instead refers to Plaintiff's "first logo" (LOCAL).[2]

> 23.   All documents and things relating or referring to any action taken by Plaintiff in response to the awareness of Defendant's LOCAL Marks.
>
> **RESPONSE: None.**

Exhibit 2. In short, Defendant's demand does not fall into the scope of RFP 23. Regarding the remaining RFPs, Defendant's Motion does not explain how Defendant's demands fall within the scope of Defendant's RFPs at issue.

Fourth, even if the demanded documents fell within the scope of discovery, Defendant does not explain how the requested documents are relevant to the case.

---

[1] The upside-down Florida is the second "L" in "LOCAL."
[2] The upside-down Florida is the first "L" is "LOCAL."

*See In re: 3M*, 2020 WL 4043311 at *2 ("If the requested discovery's relevance is not apparent, however, the party seeking the production must demonstrate relevancy"). The Court has already provided a thorough analysis of this case under the Eleventh Circuit's factors for likelihood of confusion. *See* ECF No. 38 at 6-27. Defendant should have pointed out how the demanded documents are relevant to any of these factors.

Finally, and perhaps most importantly, nowhere does Defendant cite or provide a copy of a deposition transcript in support of its representations. Defendant's Motion is founded entirely on alleged statements by Plaintiff's corporate representative during the April 10 deposition, which allegedly made Defendant "aware of missing documents." *See* ECF No. 43 at ¶ 8. Why didn't Defendant provide a transcript of these alleged statements? Why does Defendant expect the Court to rely entirely on Defendant's representations of what transpired during a half-day deposition? Nowhere does Defendant state that it was unable to obtain a transcript. In the experience of undersigned counsel, nine days (between the deposition on April 10 and the filing of the Motion on April 19) usually is enough time for a court reporter to provide an expedited transcript. Even if it were not, Defendant was free to ask for a draft version of the transcript and then provide it to the Court with a footnote that a final transcript would be forthcoming. In fact, it is not clear if Defendant even ordered a transcript of the deposition.

## IV.   CONCLUSION

The Court should deny the Motion because Defendant failed to address specific RFPs, failed to address Plaintiff's responses to those RFPs, and failed to provide adequate support for why production should be compelled. Even more, nowhere has Defendant acknowledged the production that it has received or how it is insufficient. Finally, Plaintiff has not asserted that it is withholding responsive documents. Any of these reasons alone is sufficient reason to deny the Motion.

Respectfully submitted,

Dated:  April 27, 2023                          /s/ *H. Jared Doster*
                                                H. Jared Doster
                                                Florida Bar No.1,024,069
                                                jared@doster.law
                                                **DOSTER LAW PLLC**
                                                97 West Oak Avenue, Suite 300
                                                Panama City, FL 32401
                                                Telephone: (850) 319-4248

                                                *Attorney for Plaintiff*

## CERTIFICATION OF WORD LIMIT

Pursuant to N.D. Fla. Local Rule 7.1(F), I certify that this memorandum of law is in compliance with the Court's word limit. According to the word processing program used to prepare this memorandum, it contains less than 2,100 words.

*H. Jared Doster*
H. Jared Doster

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 27, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notification of electronic filing to the following counsel of record:

Harold Clayton McGurk
claymcgurk@gmail.com
**LAW OFFICE OF CLAY MGGURK**
P.O. Box 1488
Orange, CA 92856

Jeffrey Scott Carter
jeff@jeffcarterpa.com
**JEFF CARTER PA**
P.O. Box 228
Panama City, FL 32402

*Attorney for Defendant*

<u>*H. Jared Doster*</u>
H. Jared Doster

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

| | |
|---|---|
| MC3 INVESTMENTS LLC<br>d/b/a THE LOCAL CAFÉ,<br><br>      Plaintiff,<br><br>  v.<br><br>THE LOCAL BRAND, INC.,<br><br>      Defendant.<br>_____<br><br>THE LOCAL BRAND, INC.,<br><br>      Counter-Plaintiff,<br><br>  v.<br><br>MC3 INVESTMENTS LLC<br>d/b/a THE LOCAL CAFÉ,<br><br>      Counter-Defendant.<br>_____ | Case No.: 5:22-cv-00260 |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO**
**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Fed. R. Civ. P. 34, Plaintiff MC3 INVESTMENTS d/b/a THE

LOCAL CAFÉ ("Plaintiff"), through undersigned counsel, hereby serves the

following Objections and Responses to Defendant's First Set of Requests for

Production served on February 22, 2023.

## <u>GENERAL RESPOSNES</u>

**GENERAL RESPONSE 1: Plaintiff directs Defendant to the following websites:**

- **Plaintiff's website: <u>https://thelocalcafe.net/</u>**
- **Plaintiff's Facebook page: <u>https://m.facebook.com/people/The-Local-Cafe/100087467591194/</u>**
- **Plaintiff's Google Business Profile: <u>https://www.google.com/maps/place/The+Local+Cafe/@30.1912441,-85.6577699,17z/data=!3m1!4b1!4m6!3m5!1s0x889383cb6e23e249:0xbf2ada573e1e920!8m2!3d30.1912441!4d-85.6555812!16s%2Fg%2F11tjz69b4p</u>**

## <u>OBJECTIONS AND RESPOSNES</u>

1.      Specimens of all current, previous, or planned advertising, educational materials, and promotional materials, including but not limited to journals, catalogues, circulars, sales sheets, price lists, leaflets, direct-mail pieces, newspaper and magazine advertisements, telephone book advertisements, press releases, computer screen displays of websites or pages, renderings of any digital marketing or advertising, and any such other materials used or intended to be used by Plaintiff bearing MC3 Logos.

   **RESPONSE: Plaintiff will produce copies of all responsive documents in its possession, custody, or control. Also, Plaintiff incorporates GENERAL RESPONSE 1 into this response.**

2.      All documents sufficient to identify any and all goods or services to which Plaintiff's MC3 Logos will be or has been applied.

   **RESPONSE: Plaintiff will produce copies of all responsive documents in its possession, custody, or control. Also, Plaintiff incorporates GENERAL RESPONSE 1 into this response.**

3.      All documents which evidence, refer, or relate to the creation, selection, design, adoption, or proposed use of, and the decision to use and/or attempt to register Plaintiff's MC3 Logos.

**RESPONSE: Plaintiff will produce copies of all responsive documents in its possession, custody, or control.**

4.      All documents and things concerning the conception, design, and development of product packaging for products sold or intended to be sold under the MC3 Logos, including any subsequent changes to product packaging.

**RESPONSE: Plaintiff will produce copies of all responsive documents in its possession, custody, or control.**

5.      All documents and things concerning the conception, design, and development of signage for services offered under the MC3 Logos, including any subsequent changes to such signage.

**RESPONSE: Plaintiff will produce copies of all responsive documents in its possession, custody, or control.**

6.      All documents relating or referring to Plaintiff's awareness of

Defendant's U.S. Registrations 5,258,583, 6,211,815 and 6,435,780 ("  Marks").

**RESPONSE: Plaintiff objects to the extent that this request calls for the production of privileged communications with Plaintiff's attorney. Plaintiff will produce copies of all non-privileged responsive documents in its possession, custody, or control.**

7.      All documents relating or referring to communications with third parties regarding Defendant's **LOCAL** Marks.

**RESPONSE: Plaintiff objects to the extent that this request calls for the production of privileged communications with Plaintiff's attorney. Plaintiff will produce copies of all non-privileged responsive documents in its possession, custody, or control.**

8.      All documents relating or referring to any internet searches undertaken

by or on behalf of Plaintiff which relate or refer to Defendant's **LOCAL**

3

Marks, or the **LOCAL** portion.

> **RESPONSE: Plaintiff objects to the extent that this request calls for the production of privileged communications with Plaintiff's attorney. Plaintiff will produce copies of all non-privileged responsive documents in its possession, custody, or control.**

9.   All documents relating or referring to any market research conducted by Plaintiff referencing Defendant's **LOCAL** Marks.

> **RESPONSE: None.**

10.   All documents relating to any investigation, such as a service mark, trademark, trade name, or corporate name search, related to the use or registration of Defendant's **LOCAL** Marks.

> **RESPONSE: None.**

11.   All documents sufficient to identify each publication and type of media in which Plaintiff has advertised or promoted or intends to advertise or promote any or all of its goods or services under the MC3 Logos.

> **RESPONSE: None.**

12.   All studies, surveys, market research tests, or memoranda, including, but not limited to, demographic or consumer profile studies relating to the potential purchasers of Plaintiff's products or services now or intended to be marketed, offered for sale, advertised, or promoted under Plaintiff's MC3 Logos.

> **RESPONSE: None.**

13.   All documents concerning or describing the level of care expected or assumed to be exercised by the ordinary purchaser when purchasing the goods and/or services offered by or on behalf of Plaintiff under the MC3 Logos, and/or its formatives.

> **RESPONSE: Plaintiff incorporates GENERAL RESPONSE 1 into this response.**

4

14.     All communications and other documents exchanged between Plaintiff and any advertising agency, marketing agency, public relations agency, model or modeling agency, or other person authorized to advertise or promote Plaintiff's products or services concerning the scope, nature, purpose, and duration of any authorized use or intended use of the MC3 Logos, and/or its formatives, or any limitation on the use of the MC3 Logos and/or its formatives.

**RESPONSE: None.**

15.     All documents concerning marketing plans and sales projections for the goods or services sold or intended to be sold under the MC3 Logos, and/or its formatives or prior derivatives, including such plans and projections into the future, including but not limited to projections for sales of goods under the MC3 Logos, and/or its formatives.

**RESPONSE: None.**

16.     All documents concerning the conception, planning, or execution of any online advertising strategy relating to the MC3 Logos or any product or service bearing the MC3 Logos, including but not limited to search engine optimization strategies, internet keywords, social media advertisements and/or campaigns, purchased search terms, and pay-per-click advertising.

**RESPONSE: None.**

17.     All documents or things depicting or concerning the present or intended physical product placement of Plaintiff's products bearing the one or more of the MC3 Logos.

**RESPONSE: Plaintiff incorporates GENERAL RESPONSE 1 into this response.**

18.     All documents concerning Plaintiff's plans to expand the market of goods or services intended to be offered under the MC3 Logos, including but not limited to the addition of new product lines and services, as well as the expansion of new restaurants, cafés, bars and stores into new geographic areas.

**RESPONSE: None.**

5

19.     All documents and things concerning communications to, from, or with actual or prospective clients, customers, the media, or other participants in the marketplace concerning the quality of the goods or services sold or intended to be sold under the MC3 Logos or its formatives, without limitation, including negative product feedback.

**RESPONSE: Plaintiff incorporates GENERAL RESPONSE 1 into this response.**

20.     All documents concerning the summary by year of actual or projected sales, by unit quantity and by dollar amount, of each good or service sold or intended to be sold under the MC3 Logos and/or its formatives.

**RESPONSE: None. To clarify, Plaintiff notes that it first offered it services for sale on November 8, 2022.  Consequently, Plaintiff does not have any documents showing or summarizing annual sales figures. Additionally, Plaintiff has no documents showing or summarizing weekly or monthly sales figures. Finally, Plaintiff has no documents of any kind that provide sales projections.**

21.     All documents sufficient to identify each distributor, retailer, wholesaler, and other persons that have purchased and sold or have contracted to purchase and sell Plaintiff's goods or services under the MC3 Logos, or its formatives.

**RESPONSE: None.**

22.     All Documents and things sufficient to identify the trade channels through which Plaintiff offers, has offered, or will offer for sale any goods or services in connection with the MC3 Logos.

**RESPONSE: Plaintiff will produce all responsive documents in its possession, custody, or control. Also, Plaintiff incorporates GENERAL RESPONSE 1 into this response.**

23.     All documents and things relating or referring to any action taken by Plaintiff in response to the awareness of Defendant's **LOCAL** Marks.

**RESPONSE: None.**

24.      All documents relating or referring to any instance in which a person has been confused, mistaken, or deceived as to the source of goods or services sold or intended to be sold under the MC3 Logos, or a designation containing **LOCAL** portion.

**RESPONSE: None.**

25.      All documents which evidence, refer, or relate to statements, inquiries, comments, or other communications by or from Plaintiff's current, previous, or intended customers, competitors, or other third parties, either written or oral, evidencing any confusion, suspicion, belief, or doubt on the part of said current or intended customer, competitor, or other third party as to the relationship between Plaintiff and Defendant.

**RESPONSE: None. For all statements, inquiries, comments, or other communications, Plaintiff directs Defendant to GENERAL RESPONSE 1.**

26.      All documents which evidence, refer, or relate to complaints relating to goods or services of Plaintiff sold or intended to be sold under Plaintiff's MC3 Logos.

**RESPONSE: None. For all complaints, Plaintiff directs Defendant to GENERAL RESPONSE 1.**

Respectfully submitted,

Dated:  March 31, 2023

/s/ *H. Jared Doster*
H. Jared Doster
Florida Bar No.1,024,069
jared@doster.law
support@doster.law
**DOSTER LAW PLLC**
97 West Oak Avenue, Suite 300
Panama City, FL 32401
Telephone: (850) 319-4248

*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 31, 2023, I emailed the foregoing to the following counsel of record:

Clay McGurk
claymcgurk@gmail.com
**THE LAW OFFICE OF CLAY MCGURK**
P.O. Box 1488
Orange, CA, 92856

Jeffrey Scott Carter
jeff@jeffcarterpa.com
**JEFF CARTER PA**
P.O. Box 228
Panama City, FL 32402

*Attorneys for Defendant*

*<u>H. Jared Doster</u>*
H. Jared Doster

# EXHIBIT 2

< M **Matt The Local Brand ...** ⌄ ⋮

Saturday, November 12, 2022



MMS 7:17 AM

I changed it. Waiting on money to replace original over 5k

7:18 AM

Sunday, November 20, 2022

Im in town for the holidays could we meet for coffee??

8:42 PM



MC30016

# EXHIBIT 3

**jared@doster.law**

| | |
|---|---|
| **From:** | Clay McGurk <claymcgurk@gmail.com> |
| **Sent:** | Monday, April 17, 2023 7:56 PM |
| **To:** | jared@doster.law |
| **Cc:** | Jeff Carter; Faith Richard |
| **Subject:** | Re: Missing Documents |

Hi Jared,

After the deposition of Mr. Cash, it appears there are missing documents.  Please supply the following documents:

    **- All emails between MC3 and Crow Signs (2022-present).  As of today, Plaintiff has failed to produce any emails with Crow Signs as required by §§ 3, 5 of *Defendant's First Set of Requests for Production*.**

    **- All agreements between MC3 and Crow Signs, especially any agreement(s) for the design of the first and second logos.  As of today, Plaintiff has failed to produce any agreements for the artwork which was used in the design of the first or second signage for its cafe as required by §§ 3, 5 of *Defendant's First Set of Requests for Production*.**

    **- All payments made and payment receipts from Crow Signs to MC3.  As of today, Plaintiff has failed to produce any payments made to or payment receipts from Crow Signs as required by §§ 3, 5 of *Defendant's First Set of Requests for Production*.**

    **- All plans, emails and agreements that discuss any future restaurants or bars.  As of today, Plaintiff has failed to produce any such plans, email and agreements as required by § 18 of D*efendant's First Set of Requests for Production.***

    **- The Google search where MC3 allegedly found 10000 companies using Florida upside down.  As of today, Plaintiff has failed to produce this or any Google search as required by § 8 of D*efendant's First Set of Requests for Production.***

    **- All emails from MC3 to Local Brand concerning the second logo.  As of today, Plaintiff has failed to produce any documents that show it requested Local Brand's approval in relation to the second logo as required by § 23 of D*efendant's First Set of Requests for Production.***

Best Regards,
Clay McGurk, Attorney
***THE LAW OFFICE OF CLAY MCGURK***
PO Box 1488, Orange, California 92856
Phone: **949.395.3942**

The information contained in this email message is or may be attorney privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended

recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by return email and delete this email.

On Mon, Apr 17, 2023 at 5:03 AM <jared@doster.law> wrote:

Clay,

Please state which of TLB's previous requests for production the below requests relate to.  If they are not linked to previous requests, then they would constitute new requests for production.

Best regards,

Jared Doster

**From:** Clay McGurk <claymcgurk@gmail.com>
**Sent:** Friday, April 14, 2023 2:23 PM
**To:** Doster Jared <jared@doster.law>; Jeff Carter <jeff@jeffcarterpa.com>; Faith Richard <faith@jeffcarterpa.com>
**Subject:** Missing Documents

Hi Jared,

After the deposition of Mr. Cash, it appears there are missing documents.  Please supply the following documents:

- All emails between MC3 and Crow Signs (2022-present)

- All agreements between MC3 and Crow Signs, especially any agreement(s) for the design of the first and second logos

- All payments made and payment receipts from Crow Signs to MC3

- All plans, emails and agreements that discuss any future restaurants or bars

- The Google search were MC3 allegedly found 10000 companies using Florida upside down

- All emails from MC3 to Local Brand concerning the second logo

Best Regards,
Clay McGurk, Attorney
**THE LAW OFFICE OF CLAY MCGURK**
PO Box 1488, Orange, California 92856
Phone: **949.395.3942**

The information contained in this email message is or may be attorney privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by return email and delete this email.