UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| MC3 INVESTMENTS LLC<br>d/b/a THE LOCAL CAFÉ,<br><br>   Plaintiff,<br><br> v.<br><br>THE LOCAL BRAND, INC.,<br><br>   Defendant.<br><br>THE LOCAL BRAND, INC.,<br><br>   Counter-Plaintiff,<br><br> v.<br><br>MC3 INVESTMENTS LLC<br>d/b/a THE LOCAL CAFÉ,<br><br>   Counter-Defendant. | Case No.: 5:22-cv-00260 |

**PLAINTIFF'S
NOTICE OF COMPLIANCE WITH ORDER
REGARDING DEFENDANT'S RFPs 3, 5, 7, 8, 18, AND 23**

The Court ordered on May 1, 2023, that "Plaintiff shall supplement its production with respect to Defendants RFPs 3, 5, 7, 8, 18, and 23 by filing an amended response, if Plaintiff has responsive materials that were not previously disclosed." (Doc. 51). Further, "to the extent Plaintiff does not supplement its

production with respect to Defendants RFPs 3, 5, 7, 8, 18, and 23, Plaintiff shall file with this court an affidavit from a person with knowledge that Plaintiff has produced all materials responsive to the relevant RFP(s)." (*Id.*).

## I.     NOTICE OF PLAINTIFF'S COMPLIANCE

Regarding RFPs 3, 5, and 7, Plaintiff provides additional production (Ex. 1[1]), and, as ordered by the Court, amends its responses to those RFPs accordingly (Ex. 2). Plaintiff also amends its response to RFP 23 as ordered. (*Id.*) Regarding RFPs 8, 18, and 23, Plaintiff has no additional production that is responsive to those requests. (Ex. 3).

### a.   Defendant's RFPs 3 and 5

Defendant's RFPs 3 and 5 state:

> 3. All documents which evidence, refer, or relate to the creation, selection, design, adoption, or proposed use of, and the decision to use and/or attempt to register Plaintiff's MC3 Logos.
>
> 5. All documents and things concerning the conception, design, and development of signage for services offered under [Plaintiff's] Logos, including any subsequent changes to such signage.

(Doc. 51 at 4). Defendant asserted that Plaintiff's production did not include the following:

---

[1] All redacted portions relate either to (i) client communications with undersigned counsel in the process of forwarding the emails to undersigned counsel, but which do not appear in the original emails, or (ii) confidential business information found in MC30123 that is not related to the discovery requests at issue.

> - any emails between Plaintiff and Crow Signs,
> - "any agreements for the artwork which was used in the design of" Plaintiff's logos, and
> - "any payments made to or payment receipts from Crow Signs."

(*Id.* at 4-5). Plaintiff supplements its production related to the above requests. (Ex. 1 at MC30105-42) and, as ordered by the Court, provides an amended response (Ex. 2). Some of the attachments in Exhibit 1 have already been produced, but, for clarity, Plaintiff now re-produces them adjacent to their corresponding emails.

The emails produced between Plaintiff and Crow Signs, Inc. show that Plaintiff did not design Plaintiff's first logo at issue (Ex. 1 at MC30105-18) or second logo at issue (*id.* at MC30127-42), and that Plaintiff's input was limited to the following:

- for both logos, requesting that a yellow star be placed on the location of Panama City, FL (*id.* at MC30112 and MC30124);
- for the second logo, suggesting a design that is different from any mark claimed by Defendant (*id.* at MC30127-30); and
- for the second logo, selecting a design, amongst two options proposed by the designer, that did not include a stylized, upside-down shape of Florida as the first letter "L" (*id.* at MC30142).

Further, the emails indicate that Plaintiff was surprised that the first logo resulted in a demand from Defendant, indicating that Plaintiff was not aware of Defendant's alleged marks. (*Id.* at MC30124-26). These emails support the April 10 testimony of Greg Cash and the recent May 10 testimony of Steve Crow.[2]

### b. Defendant's RFP 7

Defendant's RFP 7 states:

> 7. All documents relating or referring to communications with third parties regarding Defendant's LOCAL Marks.

(Doc. 51 at 5). "Defendant asserts that during his deposition, Cash stated that he sent emails to Karma Fishing Company." (*Id.*). In fact, Mr. Cash testified that he sent a single Facebook message to Karma fishing, to which Karma Fishing never responded:

> 21  Q  How did you -- how did you contact Karma
> 22  Fishing?
> 23  A  I tried to send them a message on Facebook
> 24  but never got a response. I've never had any
> 25  communication with them. No one has ever responded. I
> 1  think they're so big that they just don't really have
> 2  time. I don't know. They just never responded
> 3  whatsoever.
> 4  Q  So you didn't actually talk to anybody?
> 5  A  No, sir.

(Ex. 4 at transcript page ("tr. p.") 119-120).

---

[2] Steve Crow was deposed on Wednesday, May 10, 2023, but a transcript of his deposition is not available to Plaintiff as of the filing of this notice.

```
15   Q   How many times did you talk to the guy from      1  contacted me. And I'm not exactly sure what I was
16  Karma Fishing?                                         2  looking for at that moment, but I'm sure it was probably
17   A   I -- like I said, I sent a few messages and      3  to inquire on your concerns as you were voicing them to
18  never got a response. I've never actually had a voice  4  me versus concerns with them. I don't really know. I
19  conversation or even a response to my e-mail. I was   5  can't remember exactly.
20  trying to talk to him. I tried to reach out to him. I 6   Q   Do you have any copies of the e-mails you
21  sent messages to talk to him and never got a response. 7  sent?
22   Q   What were your reasons for contacting them?     8   A   No. It was -- it wasn't an e-mail. It was a
23   A   I'm not sure. Maybe to inquire, you know --      9  Facebook -- Facebook message. And again --
24  I don't know. It involved you as the attorney who has 10   Q   Do you have any copies of the Facebook
25  contacted me, and it involved your client who has    11  messages you sent to them?
                                                          12   A   I'm probably sure I do have a copy of that.
                                                          13  Again, like I stated under oath, I have never got a
                                                          14  response from the gentleman. But yeah.
```

(Ex. 4 at tr. p. 121-22).

Accordingly, Plaintiff supplements its production by producing the Facebook message (Ex. 1 at MC30143) and, as ordered by the Court, provides an amended response (Ex. 2).

It is not clear how this Facebook message would be probative to either party's case, given that Plaintiff already admitted that Defendant sent a cease-and-desist letter dated October 28, 2022 (Doc. 22 at ¶ 26) and Defendant already knew from Mr. Cash's testimony that there was no response to the Facebook message. Nevertheless, undersigned counsel would have instructed Plaintiff to search for this Facebook message if he had recalled this testimony from memory before Defendant filed its motion, or if Defendant had mentioned this testimony during the conference, or if Plaintiff had received a copy of the transcript before Defendant filed its motion.

### c. Defendant's RFP 8

Defendant's RFP 8 states:

5

> 8. All documents relating or referring to any internet searches undertaken by or on behalf of Plaintiff which relate or refer to Defendant's LOCAL Marks, or the LOCAL portion.

(Doc. 51 at 6). "According to Defendant, Cash stated during his deposition that he performed Google searches where he allegedly found 10,000 companies using Florida upside down." (*Id.*)(internal punctuation omitted). Plaintiff disputes this characterization of Mr. Cash's testimony. (Ex. 4 at tr. p. 50-58). Nevertheless, Plaintiff has no additional documents in its possession, custody, or control that are responsive to this request. (Ex. 3).

### d. Defendant's RFP 18

Defendant's RFP 18 states:

> 18. All documents concerning Plaintiff's plans to expand the market of goods or services intended to be offered under [Plaintiff's] Logos, including but not limited to the addition of new product lines and services, as well as the expansion of new restaurants, cafés, bars and stores into new geographic areas.

(Doc. 51 at 7). "In support of its present motion, Defendant offers a conclusory assertion that during his deposition, Cash refused to answer questions about any plans, emails and agreements involving any future restaurants or bar and about whether the new restaurant being opening in Panama City intended to use Plaintiff's logos." (*Id.*) Defendant's representation appears to be inaccurate. Mr. Cash answered many questions related to a potential second location, and that such a location would not be owned by Plaintiff or associated with Plaintiff if it came to fruition. (Ex. 4 at

tr. p. 109-116). Nevertheless, Plaintiff has no additional documents in its possession, custody, or control that are responsive to this request. (Ex. 3).

### e. Defendant's RFP 23

Defendant's RFP 23 states:

> 23. All documents and things relating or referring to any action taken by Plaintiff in response to the awareness of Defendant's LOCAL Marks.

(Doc. 51 at 8). Although Plaintiff believed that the above request applied only to Plaintiff's first logo, the Court construed this request to apply to Plaintiff's second logo as well. (*Id.* at 8-9). In light of this construction, Plaintiff amends its response to RFP 23. (Ex. 2). Nevertheless, Plaintiff has no additional documents, beyond what it has already produced, in its possession, custody, or control that are responsive to this request. (Ex. 3).

## II. NOTICE OF ADDITIONAL FORTHCOMING PRODUCTION

As of April 10, 2023, during the deposition of Plaintiff's corporate representative, Plaintiff notified Defendant that Plaintiff intends to produce its final tax returns for tax year 2022 as soon as such finalized tax returns are available to it. Such documents are relevant to any claim of disgorgement by Defendant against Plaintiff. In the meantime, Plaintiff already testified on April 10, 2023, about its revenue and expenditures up to that date and Defendant had the opportunity to cross-examine.

Respectfully submitted,

Dated: May 15, 2023

/s/ *H. Jared Doster*
H. Jared Doster
Florida Bar No.1,024,069
jared@doster.law
support@doster.law
**DOSTER LAW PLLC**
97 West Oak Avenue, Suite 300
Panama City, FL 32401
Telephone: (850) 319-4248

*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2023, I emailed the foregoing to the following counsel of record:

Clay McGurk
claymcgurk@gmail.com
**THE LAW OFFICE OF CLAY MCGURK**
P.O. Box 1488
Orange, CA, 92856

Jeffrey Scott Carter
jeff@jeffcarterpa.com
**JEFF CARTER PA**
P.O. Box 228
Panama City, FL 32402

*Attorneys for Defendant*

*H. Jared Doster*
H. Jared Doster