UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MC3 INVESTMENTS LLC,

     Plaintiff/Counter-Defendant,

v.                                     Case No.  5:22-cv-260-MJF

THE LOCAL BRAND, INC.,

     Defendant/Counter-Plaintiff.

_____/

## ORDER

This matter is before this court on Defendant's motion to deny the appearance of Henry Lawrence Perry, who entered an appearance on behalf of Plaintiff. Doc. 106.

Generally speaking, the Due Process Clause of the Fifth Amendment affords civil litigants the right to counsel of their choice. *In re BellSouth Corp.*, 334 F.3d 941, 955 (11th Cir. 2003); *accord Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). This right is not absolute, and a district court may deny a litigant's choice of counsel where the "choice would interfere with the orderly administrative of justice." *In re BellSouth*, 334 F.3d at 955–56 (quoting

Page 1 of 3

*United States v. Dinitz*, 538 F.2d 1214, 1219 (5th Cir. 1976)); *see Robinson v. Boeing Co.*, 79 F.3d 1053, 1055 (11th Cir. 1996).

For example, district courts properly may deny a litigant the choice of counsel when a litigant elects to associate with counsel for an improper purpose like delay, or recusal of the presiding judge. *Robinson*, 79 F.3d at 1056. In addressing this question, federal courts can consider the following factors: (1) the fundamental right to counsel; (2) the injury to the plaintiff; (3) the delay in reaching decision; (4) the judicial time invested; (5) the expense to the parties objecting; and (6) the potential for manipulation or impropriety. *Id.* at 1055.

Plaintiff states that it elected to associate with Mr. Perry because Mr. Perry has experience as a trial attorney in the Northern District of Florida. Further, Plaintiff has provided Mr. Perry with all the relevant documents to assist lead counsel in trial. At bottom, Defendant asserts that Mr. Perry should not be permitted to appear as co-counsel in this case because Mr. Perry is not familiar with the case. Defendant has not alleged that allowing Mr. Perry to appear in this matter would result in undue delay or that Plaintiff has attempted to manipulate the proceedings.

The undersigned concludes that Mr. Perry's appearance in this suit would not require the undersigned to recuse himself. Further, although Mr. Perry entered his appearance on the eve before trial, the appearance of Mr. Perry would not require this court to continue the trial. Mr. Perry has read the relevant pleadings in this action and is prepared to proceed to trial as planned. Finally, Defendant has not shown that it will suffer or has suffered any injury or expense if Mr. Perry is permitted to represent Plaintiff.

Accordingly, it is **ORDERED** that Defendant's motion to deny the appearance of Henry Lawrence Perry is **DENIED**.

**SO ORDERED** this 6th day of September, 2023.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**